**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMUEL PEPOSHI,** | : | **No. 3:26cv3399** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **CRAIG A. LOWE,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

Before the court is a pro se petition for writ of habeas corpus filed by Samuel Peposhi under 28 U.S.C. § 2241. (Doc. 1). Peposhi is in the custody of Immigration and Customs Enforcement at the Pike County Correctional Facility. Id. at ECF pp. 1, 5. This is Peposhi's second habeas petition. His first petition was granted in part. Peposhi v. Lowe, No. 3:26CV912, 2026 WL 1284859, at *4 (M.D. Pa. May 11, 2026). At that time, the court ordered that the government provide the petitioner with an individualized bond hearing within 14 days. Id. The court also flipped the burden onto the government for the hearing to show that Peposhi was a danger or a flight risk and raised the government's burden of proof to clear and convincing evidence. Id. at *3–4.

Peposhi returned after that hearing with a motion to enforce, which boiled down to an argument that he did not receive a constitutionally appropriate bond hearing before a neutral immigration judge. Peposhi v. Lowe, No. 3:26CV912,

2026 WL 2126118, at *3 (M.D. Pa. July 23, 2026). The record on that motion indicated that the IJ denied bond, ruling that the Department of Homeland Security met its burden in demonstrating that the petitioner was a flight risk. Id. at *1. At the time of the motion to enforce, the court considered Peposhi's arguments, reviewed the underlying record before the IJ for due process concerns, and denied relief after finding no issue with the proceedings. Id. at *3–5.

With his second petition, Peposhi alleges that, on September 14, 2026, ICE officers presented him with a Form I-286 notice of custody redetermination, which initiated a second custody redetermination hearing. (Doc. 1 at ECF p. 10). On October 1, 2026, an IJ conducted a subsequent custody redetermination hearing and again denied bond based on flight-risk grounds. Id.

In his latest filing, Peposhi alleges that "the cumulative circumstances of his detention violate the Due Process Clause[.]" Id. at ECF p. 11. He seeks release or another bond hearing. Id.

Applying the Rules Governing Section 2254 Cases in the United States District Courts to the instant petition, see Rule 1(b), the court conducts a preliminary review of Peposhi's allegations, see Rule 4. Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." Upon review, Peposhi's second pro se petition makes substantially the same claim as the one asserted in his first counseled petition, even when liberally construed. That is, he complains of the length of his immigration detention and cites due process concerns.

Regardless of how the court construes the petition, however, Peposhi is precluded from asserting this claim. There is no authority "to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 277 (3d Cir. 2018)). Here, the petitioner directly states that DHS and the Department of Justice are following regulations regarding custody redeterminations under § 1226(a). See 8 C.F.R. §§ 236.1; 1003.19; 1236.1. Further, to the extent that Peposhi has provided a heartfelt declaration to demonstrate his lack of danger, his low risk of flight, the adversity he faced entering the United States, and the medical issues he has endured while in immigration detention, (Doc. 1-1), 8 U.S.C. § 1226(e) precludes the court from directly reviewing the IJ's decision to deny bond at the custody redetermination hearing absent allegations that the bond hearing itself was conducted in a manner that violated the petitioner's constitutional rights. Borbot, 906 F.3d at 279; Ghanem v. Warden Essex Cnty.

Corr. Facility, No. 21-1908, 2022 WL 574624, at *3 (3d Cir. Feb. 25, 2022); Quinteros v. Warden Pike Cnty. Corr. Facility, 784 F. App'x 75, 76 (3d Cir. 2019).

On the face of the petition, there are no allegations warranting relief. Thus, for the above reasons, it is hereby **ORDERED** that:

1) Samuel Peposhi's petition for writ of habeas corpus, (Doc. 1), is **DENIED**; and
2) The Clerk of Court is directed to close this case.

**BY THE COURT:**

Date: 11/20/26

**JUDGE JULIA K. MUNLEY**
**United States District Court**